IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|                              |   |                          |
|------------------------------|---|--------------------------|
| VERNON BUTLER,               | ) | Cr. No. 10-00880 HG-01   |
|                              | ) | Cv. No. 13-00387 HG-RLP  |
|          Petitioner,         | ) |                          |
|                              | ) |                          |
|      vs.                     | ) |                          |
|                              | ) |                          |
| UNITED STATES OF AMERICA,    | ) |                          |
|                              | ) |                          |
|          Respondent.         | ) |                          |
|                              | ) |                          |

**ORDER DENYING PETITIONER VERNON BUTLER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF NO. 92)**

On July 26, 2013, Petitioner Vernon Butler filed a Motion to Vacate, Set Aside or Correct Sentence (ECF No. 92), pursuant to 28 U.S.C. § 2255.  Petitioner challenges his sentence of 200 months imprisonment.

Petitioner Butler's Request for Liberal Construction is **GRANTED.**  Petitioner Butler's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(3) (ECF No. 92) is **DENIED**, as untimely and lacking in merit.  Petitioner Butler's request for an evidentiary hearing is **DENIED.**  Petitioner Butler's request for appointment of counsel is **DENIED.** Petitioner's request for a Certificate of Appealability is **DENIED.**

1

## BACKGROUND

On December 15, 2010, an Indictment was filed, charging Petitioner Vernon Butler, and one co-defendant, with: **Count 1**: conspiracy to distribute, and to possess with intent to distribute, in excess of 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1); **Count 2**: aiding and abetting the distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2; and **Count 3**: aiding and abetting the possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2.  (ECF No. 10).

On August 3, 2011, the Government filed a sentencing enhancement notice pursuant to 21 U.S.C. § 851, alleging Petitioner Vernon Butler was subject to a mandatory minimum sentence of twenty years imprisonment.  (ECF No. 50).

On December 14, 2011, Petitioner Vernon Butler pleaded guilty before the Magistrate Judge on all three counts in the Indictment. (ECF No. 62).  As part of the plea agreement, the Government withdrew the sentencing enhancement notice pursuant to 21 U.S.C. § 851.  (ECF No. 63).

On January 5, 2012, the Court accepted the plea of guilty entered before the Magistrate Judge and adjudged Petitioner Vernon Butler guilty.  (ECF No. 67).

2

On April 11, 2012, Petitioner Vernon Butler filed an Objection to the Draft Presentence Report that recommended a four-level enhancement pursuant to U.S. Sentencing Guidelines § 3B1.1(a). (ECF No. 82).

On April 17, 2012, the Government filed a Response to Petitioner Butler's Objection to the Draft Presentence Report. (ECF No. 84).

On April 18, 2012, Petitioner Vernon Butler was sentenced to 200 months imprisonment. (ECF No. 85).

On April 23, 2012, Judgment was entered against Petitioner Butler. (ECF No. 86).

Petitioner Butler did not file an appeal.

On July 26, 2013, approximately fifteen months after the Judgment was entered, Petitioner Vernon Butler filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to Title 28 U.S.C. § 2255(f)(3). (ECF No. 92).  The Section 2255 Motion argues that the Court erred in applying the Sentencing Guidelines and asserts a claim for ineffective assistance of counsel for failure to accurately advise Petitioner of his possible sentence.

On the same date, Petitioner Butler filed a document entitled "Amend to Points of Authority Memorandum of Law." (ECF No. 91).

On July 31, 2013, the Court issued a Minute Order, setting a briefing schedule for the Section 2255 Motion. (ECF No. 93).

3

On September 18, 2013, the Government filed a Response in Opposition to the Section 2255 Motion. (ECF No. 98).

On November 1, 2013, Petitioner Butler filed a Motion for Extension of Time to Reply.  (ECF No. 99).

On November 5, 2013, the Court issued a Minute Order, granting Petitioner Butler's Motion for Extension of Time to Reply and extending the deadline to file a reply until December 2, 2013.  (ECF No. 100).

On November 25, 2013, Petitioner Butler filed a Reply to the Government's Response.  (ECF No. 101).

## DISCUSSION

Petitioner Butler argues that the Court erred in enhancing his sentence by applying U.S. Sentencing Guideline § 3B1.1(a) to find that he "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." (ECF No. 90 at pp. 6-7).

According to Petitioner, his attorneys provided ineffective assistance of counsel because the possibility of receiving a four-level sentence enhancement pursuant to Sentencing Guideline § 3B1.1(a) was never explained to him during his plea negotiations.  (Id.)  Petitioner also claims that he received a higher sentence than he expected based on his defense counsels' representations.  (Id.)  Petitioner Butler's claims are untimely and without merit.

4

**I.    PETITIONER'S FILINGS SHALL BE CONSTRUED LIBERALLY**

Petitioner Butler requests that the Court construe his filings liberally, as he is proceeding pro se.  (Petitioner's Reply, ECF No. 101 at pp. 1-2).

The Ninth Circuit Appellate Court has recognized that a pro se petitioner's filings should be construed liberally in a habeas proceeding.  <u>Woods v. Carey</u>, 525 F.3d 886, 890 (9th Cir. 2008).

Petitioner's Request for Liberal Construction is **GRANTED**.

**II.   PETITIONER'S SECTION 2255 MOTION IS TIME-BARRED**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255,[1] provides a one-year limitation period for filing a petition for habeas corpus relief ("a Section 2255 Motion").  The limitation period for a Section 2255 Motion runs from the date on which a judgment of conviction becomes final, unless an alternative start date is established by a condition set forth in the statute.  28 U.S.C. § 2255(f).  The statute provides:

> The one-year limitations period for filing a Section 2255 Motion runs from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;

---

[1] The AEDPA is codified as 28 U.S.C. §§ 2241 through 2255 and 28 U.S.C. §§ 2261 through 2266. Habeas relief sought by federal prisoners is governed by 28 U.S.C. § 2255.

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Equitable tolling may apply to the AEDPA's one-year statute of limitations in limited circumstances.  United States v. Buckles, 647 F.3d 883, 889 (9th Cir. 2011).

### A.   Petitioner Butler's Judgment of Conviction Became Final on May 7, 2012

On April 23, 2012, Judgment was entered against Petitioner Vernon Butler.  (ECF No. 86).  Petitioner Butler did not file an appeal.  On May 7, 2012, fourteen days after Judgment was entered, Petitioner Butler's conviction became final.  Fed. R. App. P. 4(b); Gonzalez v. Thaler, 132 S.Ct. 641, 653 (2012) (finding that a conviction becomes final at the expiration of the time for seeking direct review).

Petitioner Butler's conviction became final on May 7, 2012, because he did not file a direct appeal contesting his conviction with the United States Court of Appeals for the Ninth Circuit. Fed. R. App. P. 4(b); see Moshier v. United States, 402 F.3d 116,

6

118 (2d Cir. 2005) (holding that for Section 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires).

Petitioner Butler argues that his conviction did not become final until August 7, 2012.  (ECF No. 101).  Petitioner Butler relies on a theory that a conviction is not final until the 90-day period for seeking certiorari from the United States Supreme Court lapses.  Sup.Ct. R. 13.

In Clay v. United States, the United States Supreme Court held that a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.  537 U.S. 522, 523 (2003).  Petitioner Butler never filed an appeal in this case.  The holding in Clay is distinguishable from Petitioner Butler's case because the petitioner in Clay filed a timely appeal with the U.S. Circuit Court of Appeals.  See id.  The 90-day certiorari period is not applicable to Petitioner Butler's case to determine when his conviction became final.  See United States v. Plascencia, 537 F.3d 385, 389 (5th Cir. 2008) (finding that a federal prisoner is not entitled to the benefit of the 90-day period for seeking certiorari review in the U.S. Supreme Court when he first failed to file an effective notice of appeal with the circuit court).

Petitioner Butler does not raise a claim for equitable
tolling.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Absent
some alternative start date, Defendant's time for filing a
Section 2255 Motion expired on or about May 7, 2013.
Petitioner filed his Section 2255 Motion on July 26, 2013,
approximately eleven weeks after the limitations period expired
on May 7, 2013.  Petitioner Butler's Section 2255 Motion is
untimely.

**B.**   **The Decision in Alleyne v. United States Does Not
Render Petitioner Butler's Section 2255 Motion Timely**

A Section 2255 Motion asserting a newly recognized
constitutional right is timely if it is filed within one year of
the date on which the newly recognized constitutional right was
initially recognized by the Supreme Court, and if that new right
is retroactively applicable to cases on collateral review.  28
U.S.C. § 2255(f); Dodd v. United States, 545 U.S. 353, 358
(2005).

Retroactivity is determined by application of the test set
forth in Teague v. Lane, 489 U.S. 288, 310 (1989).  In general, a
new rule of law decided after a defendant's conviction becomes
final may not be applied to the defendant's case on collateral
review.  Id.  There are two exceptions to the general rule of
non-retroactivity: (1) new rules that place an entire category of
primary conduct beyond the reach of the criminal law, or new

8

rules that prohibit imposition of a certain type of punishment for a class or defendants because of their status or offense; or (2) new watershed rules of criminal procedure that are necessary to the fundamental fairness of the criminal proceeding.  Beard v. Banks, 524 U.S. 406, 416-17 (2004).

Petitioner Butler relies on the recent United States Supreme Court decision in Alleyne v. United States, 133 S.Ct. 2151, 2158 (2013) in his Section 2255 Motion.  (Section 2255 Motion at pp. 2-3, 11, ECF No. 92).  In Alleyne, the Supreme Court extended the holding announced in Apprendi v. New Jersey, 530 U.S. 466 (2000) and held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."  133 S.Ct. at 2155.  Petitioner claims that Alleyne is a "new rule" that renders his Section 2255 Motion timely.

The holding in Alleyne does not apply to Petitioner Butler's case.  In Alleyne, the Supreme Court held that a jury must find beyond a reasonable doubt any fact that increases a minimum statutory penalty.  133 S.Ct. at 2158.  Petitioner Butler plead guilty and elected not to go to trial.  Petitioner admitted to the elements of his conviction when he plead guilty. (Government's Exhibit C).  Alleyne applies specifically to jury trials and it is unclear the extent, if any, the holding applies to guilty pleas.

9

Petitioner claims that the Court erred in applying the Sentencing Guidelines by enhancing his sentence based on his role in the conspiracy.  The Supreme Court in <u>Alleyne</u> explained that its holding "does not mean that any fact which influences judicial discretion must be found by a jury."  <u>Id.</u> at 2163. <u>Alleyne</u> does not stand for the proposition that factors elevating advisory guideline calculations must be proved to a jury beyond a reasonable doubt or admitted in a plea colloquy.  <u>Id.</u>; <u>see</u> <u>United States v. Peters</u>, 2013 WL 5492913 at *1 (D. Mont. October 1, 2013); <u>United States v. Booker</u>, 543 U.S. 220, 226 (2005).

<u>Alleyne</u> did not overrule <u>Booker</u>, 543 U.S. at 226, which permits sentencing courts to make factual findings that increase a defendant's Sentencing Guidelines range, as long as the Guidelines are treated as advisory.  The sentence enhancement applied in this case pursuant to U.S. Sentencing Guidelines § 3B1.1(a) did not change the statutory mandatory minimum sentence and was treated as advisory.  The holding in <u>Alleyne</u> does not apply to Petitioner Butler's case.

Petitioner Butler has not pointed to any case or circumstance, as set forth in 28 U.S.C. §  2255(f), that resets the one-year statute of limitations or otherwise provides support for the Court to rule on the merits of his habeas claim. Petitioner Butler's time for filing a Section 2255 Motion expired

on or about May 7, 2013.  Petitioner Butler's Section 2255 Motion is time-barred.

## III. PETITIONER WAIVED HIS RIGHT TO APPEAL AND TO COLLATERALLY ATTACK HIS SENTENCE

A criminal defendant may waive his or her right to appeal. United States v. Anglin, 215 F.3d 1064, 1066 (9th Cir. 2000).  A defendant may also waive the right to bring a collateral attack. United States v. Leniear, 574 F.3d 668, 672 n.3 (9th Cir. 2009); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). Such waivers are generally enforceable when they are made knowingly and voluntarily and are part of a negotiated plea agreement, and do not violate public policy.  The enforcement of a waiver in a valid plea agreement preserves the finality of the judgment and sentence imposed.  Anglin, 215 F.3d at 1066.

On December 14, 2011, Petitioner Butler pled guilty to all three counts in the Indictment, pursuant to a Plea Agreement. (ECF No. 62).  Petitioner's signed Plea Agreement provides:

> 10.  The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a).  However, in exchange for the concessions made by the prosecution in this Agreement, Defendant knowingly and voluntarily waives the right to appeal his conviction and any sentence within the maximum provided in the statute of conviction or the manner in which that sentence was determined on any grounds whatsoever, including any order of restitution, and the manner in which that sentence was determined.
>
> > a.  The Defendant also waives his right to challenge his sentence or the manner in which

11

it was determined in any collateral attack,
including, but not limited to, a motion
brought under Title 28, United States Code,
Section 2255, subject only to the exception
that the Defendant may make such a challenge
based on a claim of ineffective assistance of
counsel.

b.   The prosecution retains its right to appeal
the sentence and the manner in which it was
determined on any of the grounds stated in
Title 18, United States Code, Section
3742(b).

11.   The Defendant understands that the District Court
in imposing sentence will consider the provisions
of the Sentencing Guidelines.  The Defendant
further agrees that there is no promise or
guarantee of the applicability or non-
applicability of any Guideline or any portion
thereof, notwithstanding any representations or
predictions from any source.

(Plea Agreement at ¶¶ 10-11, ECF No. 66).

Petitioner Butler was sentenced to 200 months imprisonment,

well below the statutory maximum of life imprisonment.  (ECF No.

86).  Petitioner Butler unambiguously waived his right to

challenge a sentence that was within the statutory maximum or the

manner in which it was determined, including a sentence that the

defendant perceives to be an incorrect application of the

Sentencing Guidelines.  United States v. Bibler, 495 F.3d 621,

624 (9th Cir. 2007).  The record reflects that Petitioner Butler

entered into the plea agreement knowingly and voluntarily, and

his sentence is consistent with the terms of the plea agreement.

(Government's Response Exs. B, C at pp. 11-13, ECF No. 98);

United States v. Nguyen, 235 F.3d 1179, 1182 (9th Cir. 2000).

12

Petitioner Butler unambiguously waived his right to argue on direct appeal or collateral attack the non-applicability of any of the Sentencing Guidelines.  United States v. Nunez, 223 F.3d 956, 958-59 (9th Cir. 2000); Longa v. United States, No. 07-00107, 2011 WL 3882846, at *2-3 (D. Haw. Sept. 2, 2011)(defendant's waiver of his right to pursue a collateral attack in his plea agreement barred his claim for improper application of Section 4A1.3 of the U.S. Sentencing Guidelines).

Petitioner Butler's Section 2255 Motion is barred by his waiver in his Plea Agreement, except for his ability to lodge a challenge based on a claim of ineffective assistance of counsel.

## IV.  PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM LACKS MERIT

Petitioner is not entitled to post-conviction relief pursuant to 28 U.S.C. § 2255 based on ineffective assistance of counsel.  An ineffective assistance of counsel claim requires a petitioner to show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there was prejudice because there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 694 (1984).  A petitioner must overcome the strong presumption that a defense counsel rendered adequate assistance. Jones v. Ryan, 583 F.3d 626, 637-38 (9th Cir. 2009).

13

### A.   Petitioner Butler was Not Prejudiced by his Defense Counsels' Representation

A Section 2255 Motion based on ineffective assistance of counsel fails unless the petitioner shows that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome and the fundamental fairness of the result.  Lockhart v. Fretwell, 506 U.S. 364 (1993).

Petitioner Butler claims his defense counsels misinformed him about his potential sentence during plea negotiations. (Section 2255 Motion, ECF No. 92 at pp. 4-7, 11; Reply, ECF No. 101 at pp. 8-17).  The record demonstrates that Petitioner's defense counsel, W. Michael Mayock, sent Petitioner Butler a letter during plea negotiations.  (ECF No. 92-1).  The letter states that if Petitioner Butler accepted a plea "his sentence would run in the 21-27 year range," but the letter explained that based on his negotiations the Government "could withdraw some special information" to reduce the sentence to "14-17 ½ years." Id.

Petitioner received a sentence of 200 months imprisonment, which is equivalent to 16 years and 8 months.  (ECF No. 86).  The sentence imposed was within the range predicted by Petitioner's defense counsels.  Petitioner Butler fails to show that he was

14

prejudiced on account of his defense counsels' prediction.
Petitioner Butler received a sentence within the range of the
representations made by his attorneys.

Petitioner Butler arguments related to his defense counsels'
representations about his potential sentence do not establish a
claim for relief.  Petitioner Butler was not prejudiced by his
defense counsels when he received a sentence within the range
predicted by his counsels.  Petitioner Butler fails to
demonstrate that he was prejudiced by his counsels'
representation.    Strickland, 466 U.S. at 694.

> **B.   Petitioner Butler's Defense Counsels'
> Representation Did Not Fall Below an Objective
> Standard of Reasonableness**

A Section 2255 Motion based on ineffective assistance of
counsel also fails unless the defendant shows that former defense
counsel's performance fell below an objective standard of
reasonableness.  Strickland, 466 U.S. at 690.  The petitioner
must identify the acts or omissions of counsel that are alleged
not to have been the result of reasonable or professional
judgment.  Id.  The court must determine whether in light of all
the circumstances, the identified acts or omissions were outside
the range of professionally competent assistance.  Id.

Petitioner Butler argues that his defense counsels'
performance fell below an objective standard of reasonableness

because they misinformed him about his potential sentence and the applicability of the Sentencing Guidelines.

Petitioner Butler's counsels' representations during plea negotiations did not fall below an objective standard of reasonableness. Petitioner's counsel, Lars Isaacson, submitted a Declaration, stating that "[n]umerous discussions were held with Mr. Butler about his possible sentencing range, but no guarantees were made as to the calculation that pretrial services would make and the ultimate sentence imposed." (Government's Response Ex. G, Declaration of Lars Robert Isaacson at ¶ 4, ECF No. 98).

Defendant's other defense counsel, W. Michael Mayock, submitted a Declaration, asserting that he discussed "numerous issues with Mr. Butler, including potential sentencing guidelines, possible arguments he could assert and criminal history categories." (Government's Response Ex. G, Declaration of W. Michael Mayock at ¶ 3, ECF No. 98).

The record reflects that although Defendant's defense counsels may have discussed potential sentence ranges with him, "no guarantees were made as to the calculation that pretrial services would make and the ultimate sentence imposed." (Government's Response Ex. G, Declaration of Lars Robert Isaacson at ¶ 4, ECF No. 98). There is no requirement that the defendant be informed of the applicable offense level, criminal history category, or potential enhancements he may receive under the

Sentencing Guidelines before entering a plea.  <u>See</u> <u>United States</u>
<u>v. Turner</u>, 881 F.2d 684, 687 (9th Cir. 1989), <u>overruled on other</u>
<u>grounds</u>, <u>United States v. Rodriquez-Razo</u>, 962 F.2d 1418 (9th Cir.
1992).

Even an erroneous prediction by the defendant's attorney,
which is not the case here, regarding his possible sentence does
not render assistance ineffective when the district court informs
the defendant to the potential consequences of a guilty plea.
<u>Womack v. Del Papa</u>, 497 F.3d 998, 1003 (9th Cir. 2007); <u>United</u>
<u>States v. Garcia</u>, 909 F.2d 1346, 1348 (9th Cir. 1990); <u>Shah v.</u>
<u>United States</u>, 878 F.2d 1156, 1162 (9th Cir. 1989).

The Magistrate Judge reviewed the Plea Agreement with
Petitioner Butler to verify that he fully understood the terms
before Petitioner pled guilty. (Government's Response Ex. C at
pp. 9-10, ECF No. 98).  The Magistrate Judge informed Petitioner
Butler that he faced "a term of up to life imprisonment with a
mandatory minimum term if incarceration of 10 years." <u>Id.</u> at 9-
10.  Petitioner Butler stated that he understood the possible
penalties he would face for pleading guilty.  <u>Id.</u>

The Magistrate Judge informed Petitioner Butler about the
Sentencing Guidelines and that his sentence could vary from any
estimates that were provided to him by his attorneys.  At the
hearing on December 14, 2011, the Magistrate Judge stated:

The Court:        The United States Sentencing Commission
                  has issued guidelines for judges to use
                  in determining the sentence in a
                  criminal case.  While judges are not
                  bound to apply the guidelines, judges
                  must consult the guidelines and take
                  them into account in determining their
                  sentence.  Mr. Butler, have you and your
                  attorneys talked about how the
                  guidelines might apply to your case?

Petitioner:       We have.

The Court:        Do you understand that the Court will
                  not be able to determine the Advisory
                  Guideline sentence for your case until
                  after the presentence report has been
                  completed and you and the government
                  have had an opportunity to challenge the
                  reported facts and the application of
                  the guidelines recommended by the
                  probation officer, and that the sentence
                  imposed may be different from any
                  estimates your attorney may have given
                  you?

Petitioner:       I do understand that, Your Honor.

The Court:        Do you also understand that after your
                  Advisory Guideline range has been
                  determined, the Court has the discretion
                  and authority to depart from the
                  guidelines and to impose a sentence that
                  is more severe or less severe than the
                  sentence indicated in the Advisory
                  Sentencing Guideline range?

Petitioner:       Yes, sir.

The Court:        Do you understand that Judge Gillmor
                  will also determine your sentence based
                  on admissions that you make at this
                  hearing?

Petitioner:       Yes, sir.

The Court:        Do you understand that you do not have
                  to admit to factual matters in dispute,

                              18

> but if you do admit to certain facts at
> this hearing, Judge Gillmor will rely on
> your admissions at the time of
> sentencing and that your admissions may
> increase your sentence?

> Petitioner:     Yes, sir.

> The Court:      If the sentence is more severe than you
>                 expected, you will still be bound by
>                 your plea.  Even if you do not like the
>                 sentence imposed, you will not be able
>                 to withdraw your plea.  The time to make
>                 that decision is now.  Do you understand
>                 that?

> Petitioner:     Yes, sir.

(Government's Response Ex. C at pp. 11-13, ECF No. 98).

At the Sentencing Hearing on April 18, 2012, Petitioner
Butler informed the District Court Judge that he did not fully
understand the Sentencing Guideline calculations contained in the
Presentence Report.  (Government's Response Ex. E at pp. 3-12,
ECF No. 98).  Petitioner Butler indicated that he expected his
sentence to be "between 14 and 17" years based on the Plea
Agreement.  At the hearing, Petitioner stated:

> Petitioner:     I got a letter from my attorney that
>                 advised me to sign for the deal because
>                 he said he had talked to the prosecutor
>                 and it said on there that it went down
>                 from 21 to 27 to 14 to 17.

> The Court:      So that's what your attorney told you.

> Petitioner:     Yes, ma'am.

>                 ...

The Court:        Mr. Butler, I don't want to sentence
                  you, unless you understand everything
                  that is happening.  And Mr. Song raises
                  a point, and the point is one of the
                  things that I say in taking a plea on
                  occasion with an issue like this is, if
                  anybody has made any representations to
                  you as to what your sentence will be,
                  while they may be experienced attorneys,
                  that is an estimate, and it is up to the
                  judge to impose a sentence, and it can
                  be higher or lower than what you were
                  advised.  So the question is do you feel
                  at this point that this is something
                  that you misunderstood and entered your
                  plea because of that representation?

Petitioner:       I definitely entered my plea based on
                  that representation at that time, yes,
                  ma'am.

The Court:        Okay.

Petitioner:       However --

The Court:        Yes.

Petitioner:       --Your Honor, I don't want to come back
                  again.  I'd rather get sentenced today
                  because I just -- emotionally, I can't
                  come back again.  I rather just do it
                  today.

The Court:        You're facing a very long sentence, Mr.
                  Butler, and I'm taking this time because
                  you are facing a very long sentence, and
                  I don't want you to enter into this
                  unless you are satisfied that you've had
                  good representation and that you
                  understand what is happening here today.

Mr. Mayock:       May I have a moment, Your Honor.

The Court:        Yes.

                  (Counsel and Petitioner conferring.)

| | |
|---|---|
| Mr. Mayock: | Your Honor, Mr. Butler is ready to proceed.  I think we've explained the situation to him so that he understands that there are options that exist when you have a plea agreement.  It's not just absolutely rock solid.  And if the Probation Office comes up with information up or down, that's something that gets considered.  We talked to him about the fact that that would be considered, that that is something that has to be expected.  I've explained it to him, I believe that he understands it, and that Mr. Butler is ready to proceed at this time. |
| The Court: | Thank you, Mr. Mayock.  Mr. Butler -- you may be seated.  Mr. Butler, my question remains the same.  Do you feel that you have been well-represented and that you understand what is going on and you've ready to proceed? |
| Petitioner: | Yes, ma'am.  I'm ready to proceed. |
| The Court: | You're sure.  Because we can put this off till tomorrow.  We can put it off for a month. |
| Petitioner: | I'm ready to provide. |
| The Court: | You're sure.  And you feel -- the answer to my question is with respect to those two issues, that you feel you've been properly represented and you understand what is happening with respect to the plea agreement, the increase with respect to your role in the offense? |
| Petitioner: | Yes, ma'am. |
| The Court: | Okay.  Thank you. |

(Government's Response Ex. E, pp. 10-13, ECF No. 98).

    Petitioner's defense counsels' prediction was not erroneous.

The representation of Petitioner clearly did not fall below an

objectively reasonable standard of representation.  <u>Strickland</u>, 466 U.S. at 690.

Petitioner Butler asserts that he also received ineffective assistance of counsel because his defense counsels did not advise him that he could receive a 4-level sentence increase for his role in the conspiracy.  (Section 2255 Motion, ECF No. 92 at pp. 4-7, 11; Reply, ECF No. 101 at pp. 8-17).

Petitioner's defense counsels objected to the Court's 4-level sentence enhancement for Petitioner's role in the conspiracy during sentencing.  (ECF No. 79 at pp. 5-66). Petitioner Butler's counsels also argued that the 4-level increase should not apply during the sentencing hearing. (Government's Response Ex. E at pp. 15-20, ECF No. 98).  The Court considered the arguments of Petitioner's counsels regarding sentencing but did not agree.  The counsels' actions were reasonable and appropriate.

Petitioner has not met either prong of the <u>Strickland</u> test. There is no evidence of a lack of competent legal assistance to Petitioner, nor was Petitioner prejudiced by any of counsels' actions.

Petitioner Butler is not entitled to post-conviction relief pursuant to 28 U.S.C. § 2255.

**V.    PETITIONER IS NOT ENTITLED TO AN EVIDENTIARY HEARING**

22

An evidentiary hearing in a Section 2255 action is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

An evidentiary hearing is not required if a prisoner's allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003)(citing United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984)).

The Court lacks jurisdiction over Petitioner's Section 2255 Motion, as it is untimely.  The record also conclusively shows that Petitioner's claims for ineffective assistance of counsel lack merit.  Petitioner is not entitled to an evidentiary hearing.

Petitioner's request for an evidentiary hearing is **DENIED.**

## VI.  PETITIONER IS NOT ENTITLED TO APPOINTED COUNSEL

Petitioner Butler requests appointment of counsel to further assist him in advancing his claim for relief.  (ECF No. 101 at pp. 18).

The right to counsel guaranteed by the Sixth Amendment of the United States Constitution does not apply in state or federal prisoners' habeas corpus actions.  McCleskey v. Zant, 499 U.S. 467, 495 (1991).

A district court is authorized to appoint counsel in a
Section 2255 proceeding, pursuant to 18 U.S.C. § 3006A, when (1)
the petitioner is financially eligible for appointment of counsel
and (2) "the court determines that the interests of justice so
require."  18 U.S.C § 3006A(a)(2)(B).  The court's determination
focuses on the prisoner's ability to articulate his claims in
light of the complexity of the legal issues and likelihood of
success on the merits of the petition.  Weygandt v. Look, 718
F.2d 952, 954 (9th Cir. 1983).  When a court determines that an
evidentiary hearing will be necessary on a Section 2255 motion,
the court must appoint counsel for a financially eligible
petitioner.  United States v. Duarte-Higareda, 68 F.3d 369, 370
(9th Cir. 1995)(citing Rule 8(c) of the Federal Rules Governing
Section 2255 Proceedings).

Petitioner's claims are time-barred and lacking in merit,
and do not require an evidentiary hearing.  Appointment of
counsel for Petitioner is not appropriate.

Petitioner's request for appointment of counsel is **DENIED.**

**VII. PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY**

AEDPA provides that a Certificate of Appealability may be
issued "only if the applicant has made a substantial showing of
the denial of a constitutional right", 28 U.S.C. § 2253(c)(2).  A
"substantial" showing requires a prisoner to show that
"reasonable jurists could debate whether . . . the petition

24

should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000)(quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893, n.4 (1983)).

Petitioner Butler's Section 2255 Motion has not made a substantial showing that Petitioner was deprived of a constitutional right.  Petitioner's arguments are not supported by the record and applicable law.  Reasonable jurists would not debate the Court's conclusion, and there is no reason to encourage further proceedings.

Petitioner's request for a Certificate of Appealability is **DENIED.**

## CONCLUSION

Petitioner Vernon Butler's Request for Liberal Construction is **GRANTED.**  Petitioner Butler's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 92) is **DENIED**.  Petitioner Butler's request for an evidentiary hearing is **DENIED.**  Petitioner Butler's request for appointment of counsel is **DENIED.**  Petitioner's request for a Certificate of

Appealability is **DENIED.**

       IT IS SO ORDERED.

       Dated: February 13, 2014, Honolulu, Hawaii.



                   /s/ Helen Gillmor
                  _____

                  Helen Gillmor
                  United States District Judge