IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 10-00880 HG-01 |
| Plaintiff, | ) |
| vs. | ) |
| VERNON JARRETT BUTLER, | ) |
| Defendant. | ) |

**ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 124)**

Defendant is currently incarcerated at the Federal Correctional Institute Terminal Island in California with a projected release date of May 19, 2024.

Defendant has filed a Motion seeking immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant seeks release due to the COVID-19 pandemic.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Defendant's EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 124) is **DENIED**.

**STANDARD OF REVIEW**

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.  Dillon v.

1

United States, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018.  PL 115-391, December 21, 2018, 132 Stat. 5194.  The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i)   extraordinary and compelling reasons warrant such a reduction;
>
> ...
>         and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## **SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT**

### A.   Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP").  18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The Parties agree that Defendant has complied with the procedural requirement of 18 U.S.C. § 3582(c)(1)(A) and that the Court may consider the motion for compassionate release.

### B.   Merits Of Defendant's Request For Compassionate Release

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons" consistent with applicable policy statements of the Sentencing Commission.

The Sentencing Commission's policy statement is provided in United States Sentencing Guidelines § 1B1.13:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>     (1)(A)   Extraordinary and compelling reasons

>     warrant the reduction; or
>
> (B)  The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2)  The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3)  The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

If Defendant is not 70 years of age and was not sentenced pursuant to 18 U.S.C. § 3559(c), Defendant is only entitled to relief if he demonstrates:

> (1)  extraordinary and compelling reasons warrant a sentence reduction;
>
> (2)  he is not a danger to the safety of others or the community; and,
>
> (3)  any requested reduction is consistent with the policy statement.

United States v. Gill, 2020 WL 2084810, *2 (E.D. Cal. Apr. 30, 2020).

**C.   Extraordinary And Compelling Reasons**

The Sentencing Commission's Commentary Application Notes for Guideline § 1B1.13 provides the definition of "extraordinary and compelling reasons." The Court agrees with the majority of the district courts in the Ninth Circuit that have concluded that

4

Section 1B1.13 and its definition of "extraordinary and compelling reasons" applies to motions for compassionate release even though the sentencing guideline was not separately amended following the passage of the First Step Act.  See Riley v. United States, 2020 WL 1819838, *8 (W.D. Wash. Apr. 10, 2020) (collecting cases); United States v. Shields, 2019 WL 2359231, *4 (N.D. Cal. June 4, 2019).

Sentencing Guideline Section 1B1.13's Commentary Application Notes explain that extraordinary and compelling reasons exist when:

> (A) **Medical Condition of the Defendant.**–
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> >
> > (ii) The defendant is—
> >
> > > (I) suffering from a serious physical or medical condition,
> > >
> > > (II) suffering from a serious functional or cognitive impairment, or
> > >
> > > (III) experiencing deteriorating physical or mental health because of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) **Age of the Defendant.**–The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration

5

>   in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) **Family Circumstances.**–
>    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

The Court has the discretion to determine whether other extraordinary and compelling reasons exist, as stated in paragraph (D), when ruling on motions for compassionate release. United States v. Brooker, ___ F.3d ___, 2020 WL 5739712, *7 (2d Cir. Sept. 25, 2020); United States v. Hernandez, 2020 WL 3453839, at *4 (D. Haw. June 24, 2020).

## PROCEDURAL HISTORY

On December 15, 2010, the grand jury returned an Indictment, charging Defendant Vernon Butler, and one co-defendant, as follows:

> **Count 1:**  From a Date Unknown, but by at least June 1, 2010, and until on or about December 1, 2010, Defendant Did Conspire to Distribute, and to Possess with Intent to Distribute, 50 Grams or More of Methamphetamine, in Violation of

6

       21 U.S.C. §§ 846, 841(a)(1);

**Count 2:** On or about November 26, 2010, Defendant Aided and Abetted the Distribution of 50 Grams or More of Methamphetamine, in Violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2; and,

**Count 3:** On or about December 1, 2010, Defendant Aided and Abetted the Possession with Intent to Distribute 50 Grams or More of Methamphetamine in Violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2.

(Indictment, ECF No. 10).

On August 3, 2011, the Government filed a sentencing enhancement notice pursuant to 21 U.S.C. § 851, asserting Defendant Butler was subject to a mandatory minimum sentence of twenty years imprisonment due to a prior felony drug trafficking conviction in California State Court. (ECF No. 50).

On December 14, 2011, Defendant pled guilty to all three counts in the Indictment. (ECF No. 62). As part of the plea agreement, the Government withdrew the sentencing enhancement notice pursuant to 21 U.S.C. § 851. (ECF No. 63).

At sentencing, Defendant was in Criminal History Category II and had a total offense level of 37 for a sentencing guideline range of 235 to 293 months imprisonment. (Presentence Report at ¶ 80, ECF No. 88).

Defendant was sentenced to 200 months imprisonment. (ECF No. 86).

On July 26, 2013, Defendant filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. (ECF No.

92).

On February 13, 2014, the Court issued an Order Denying Defendant's Section 2255 Motion. (ECF No. 102). The Court denied a certificate of appealability. (Id.)

Defendant appealed to the Ninth Circuit Court of Appeals, and it denied his request for a certificate of appealability on July 14, 2014. (ECF No. 106).

On August 13, 2015, the Court issued an ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2). (ECF No. 111). Pursuant to the change in the drug quantity sentencing guidelines, Defendant's sentence was reduced from 200 months to 188 months imprisonment. (Id.)

On August 15, 2016, Defendant filed a Notice of Appeal. (ECF No. 115).

On January 18, 2017, the Ninth Circuit Court of Appeals dismissed the appeal as untimely. (ECF No. 119).

On February 9, 2017, the mandate was issued. (ECF No. 121).

Defendant filed a Motion to Recall the Mandate, and on March 28, 2017, the Ninth Circuit Court of Appeals denied his motion finding there were no extraordinary circumstances to support such relief. (ECF No. 122).

On August 14, 2020, Defendant filed a MOTION FOR REDUCTION OF SENTENCE (COMPASSIONATE RELEASE). (ECF No. 124).

On August 31, 2020, the Government filed its Opposition. (ECF No. 129).

On September 4, 2020, Defendant filed his Reply.  (ECF No. 130).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## ANALYSIS

Defendant Butler is 52 years old.  Defendant is currently incarcerated at the Federal Correctional Institute Terminal Island in California.  Defendant bears the burden to demonstrate that extraordinary and compelling reasons exist that warrant immediate release from incarceration.  United States v. Greenhut, 2020 WL 509385, *1 (C.D. Cal. Jan. 31, 2020).

A defendant's general concerns about potential exposure to COVID-19 while incarcerated do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. United States v. Eberhart, 448 F.Supp.3d 1086, 1089-90 (N.D. Cal. Mar. 25, 2020); United States v. Carver,   F.Supp.3d   , 2020 WL 1892340, *3 (E.D. Wash. Apr. 8, 2020).

The Centers for Disease Control ("CDC") has identified certain categories of individuals that are at a higher risk for severe illness due to COVID-19.  The list includes people with conditions such as: chronic lung disease, moderate or serious asthma, serious heart conditions, obesity, chronic kidney disease requiring dialysis, liver disease, diabetes, or individuals who are immunocompromised.  See United States v. Jones, Crim. No. 13-

9

00860 LEK-03, 2020 WL 2331678, *5 (D. Haw. May 11, 2020).

## I.  Medical Condition

### A.  Current Centers For Disease Control Standards And Defendant's Medical Concerns

Defendant is 52 years old.  He alleges that he suffers from Type 2 diabetes, hypertension, and obesity.

The Centers for Disease Control ("CDC") has explained that, as of October 19, 2020, people with certain underlying medical conditions are at increased risk for severe illness from COVID-19, including obesity and Type 2 diabetes mellitus. (CDC Coronavirus Disease 2019 (COVID-19) Website, available at http://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC AA refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html, last visited 10/19/20).

The CDC has also stated that individuals "might be at an increased risk" for severe illness from COVID-19 when suffering from conditions including hypertension.  (Id.)

### B.  Defendant Has Contracted And Recovered From COVID-19

Defendant's Bureau of Prisons ("BOP") medical records reflect that Defendant tested positive for COVID-19 on April 25, 2020.  (Def.'s BOP Medical Records, attached as Ex. A to Def.'s Motion, at pp. 99, 126, ECF No. 128).  Defendant was deemed

10

recovered from COVID-19 on May 10, 2020. (Id. at p. 99).

Little is understood about the possibility of COVID-19 re-infection, however, the fact that Defendant has already contracted COVID-19 and recovered counsels against a finding of extraordinary and compelling circumstances to warrant granting immediate release. United States v. Ofa, Crim. No. 17-00145 JMS-01, 2020 WL 4496497, *2-*3 (D. Haw. Aug. 4, 2020). Numerous courts have concluded that the dangers associated with COVID-19 are not a ground for relief for someone who already had the disease and recovered. United States v. Molley, Crim. No. 15-0254 JCC, 2020 WL 3498482, *2 (W.D. Wash. June 29, 2020); United States v. Zubkov,    F.3d   , 2020 WL 2520696, *3 (S.D.N.Y. May 18, 2020).

### C. Medical Conclusion

Defendant is 52 years old. The CDC recognizes that the risk of developing severe illness from COVID-19 increases with age. Those 65 years of age or older are at increased risk and those 85 years and older at the greatest risk. (https://www.cdc.gov/coronavirus2019-ncov/need-extra-precautions/older-adults.html, last visited 10/19/20). Defendant's age does not place him in a category of increased risk of complications due to COVID-19.

Defendant's BOP medical records reflect that he tested positive for COVID-19 on April 25, 2020. (Def.'s BOP Medical

Records at pp. 99, 126, ECF No. 128).  Defendant was screened for negative symptoms of the COVID-19 virus from April 29, 2020 to May 8, 2020.  (Id. at pp. 72-73, 99).  Defendant's medical records state that he did not have a cough, muscle pain, shortness of breath, fatigue, sore throat, loss of taste or smell, chills, or any other negative symptoms.  (Id. at pp. 13, 72-73).  On May 4, 2020, Defendant reported that he felt mild wheezing, and he was prescribed an Albuterol Inhaler to treat it.  (Id. at p. 3).  Defendant did report mild wheezing, but by May 10, 2020, the BOP deemed Defendant to be recovered from COVID-19.  (Id. at p. 99).

Defendant has not provided any medical records or other evidence after May 10, 2020.  (Id. at p. 2).  In Defendant's Motion filed August 14, 2020, he reports that he has recovered from the virus.  (Def.'s Motion at p. 3, ECF No. 124).  While Defendant experienced some wheezing symptoms while diagnosed with COVID-19, he did not report any acute symptoms.  Rather, Defendant's medical records reflect that he has been able to manage his medical conditions while he has been incarcerated, including while he contracted COVID-19.

On May 10, 2020, Defendant was treated for a bacterial infection and prescribed antibiotics.  (Def.'s BOP Medical Records at p. 2, ECF No. 128).

A review of Defendant's BOP medical records reflects that he has received treatment for a number of temporary and chronic

conditions.  Defendant is prescribed Amlodipine, Lisinopril, and Hydrochlorothiazide for Hypertension; Allopurinol and Indomethacin for Gout; Meloxicam for arthritis in his hip; Omeprazole for acid reflux; and, Metformin for Type 2 Diabetes. (Id. at p. 17).

On April 2, 2020, Defendant reported flu-like symptoms and was examined by Dr. Seyed Hosseini, M.D.  (Id. at p. 22). Defendant was tested for COVID-19 and the results were negative. (Id.)  Defendant was prescribed Allopurinol and Ciprofloxacin and recovered from the flu.  (Id. at p. 23).  Defendant also has a history of hip and ankle issues that cause pain and difficulty ambulating.  (Presentence Report at ¶ 66, ECF No. 88).

Defendant alleges in his Motion that he is obese. (Def.'s Motion at p. 6, ECF No. 124).  Defendant's BOP medical records do not provide a medical diagnosis, but rather they state that Defendant "appears obese."  (Def.'s BOP Medical Records at p. 38, ECF No. 128).  Defendant's BMI is not listed in his medical records.  Defendant is 5'11" and his weight as of March 27, 2020, was 260 pounds.  (Id. at p. 80).  Pursuant to the U.S. Department of Health & Human Services' Body Mass Index Calculator, Defendant's Body Mass Index as of March 27, 2020 was 36.3.  This factor alone is insufficient to support a claim for compassionate release.

Defendant has not established extraordinary and compelling reasons for his immediate release based on his medical

13

conditions. The record does not demonstrate that he is suffering any terminal or serious health conditions after his recovery from COVID-19 that would warrant his immediate release. Defendant's medical records reflect that he has received appropriate medical care for his various medical issues. (Id. at pp. 49-60, 67-70, 94-99). Conditions that can be managed in prison are not a basis for compassionate release. United States v. Kazanowski, Crim. No. 15-00459 DKW-05, 2020 WL 3578310, *9 (D. Haw. July 1, 2020) (citing U.S.S.G. § 1B1.13 cmt. n.1(A)).

## II. Section 3553(a) Factors And Defendant's History and Characteristics

### A. History and Characteristics

In order to be eligible for compassionate release, Defendant must establish release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a) and that he is not a danger to the safety of others or the community. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2).

The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed.

The Presentence Report reflects that Defendant Butler oversaw and directed a drug trafficking conspiracy to distribute large quantities of high purity crystal methamphetamine in Hawaii. (Presentence Report at ¶¶ 12-13, ECF No. 88). Defendant

14

Butler obtained the methamphetamine directly from a source inside a Mexican drug cartel and distributed it in Hawaii through other people.  (Id. at ¶¶ 13, 22, 32).

In June 2010, Defendant Butler flew his cousin Bertrand from California to Hawaii and trained Bertrand in how to distribute methamphetamine for Butler in Honolulu.  (Id. at ¶ 23).  Defendant trained Bertrand in receiving drugs, collecting drug proceeds, and packaging and sending drug proceeds to various addresses in California.  (Id.)  Defendant introduced Bertrand to the people with whom he would be doing business.  (Id.)  Defendant Butler also taught Bertrand how to utilize money orders to pay for monthly rent for a condo in Waikiki that was used for their drug trafficking organization.  (Id. at ¶ 22-24).

Defendant Butler sent shipments containing crystal methamphetamine to Bertrand in Hawaii, and Bertrand sent envelopes of money to Defendant in California.  (Id. at ¶ 25).

Bertrand purchased a loaded Ruger .38 special revolver with a defaced serial number to use for protection while delivering drugs and collecting drug proceeds.  (Id. at ¶ 26).

The Presentence Report reflects that Defendant Butler also involved his brother in drug trafficking.  (Id. at ¶ 29).

Defendant was 44 years old at the time of his sentencing and is currently 52 years old.  Defendant was in Criminal History Category II at the time of sentencing.  (Id. at ¶ 80).  Defendant was held responsible for distributing 1.16 kilograms of

15

methamphetamine.  (Id. at ¶ 40).

Defendant received a 4-level increase in his sentencing guidelines because the Court found that he was an organizer or leader of a conspiracy that involved five or more participants. (Id. at ¶ 45).  The Court found that the evidence established that Defendant Butler exercised decision-making authority throughout the conspiracy and had a high degree of control over his co-conspirators, he was a recruiter and trainer, and he received all drug proceeds from his co-defendant's distribution of drugs in Hawaii.  (Id.)

Defendant's Presentence Investigation Report reflects a long history of involvement with the criminal justice system and in drug trafficking.  In 1995, Defendant was convicted of Possession of Marijuana for Sale in California State Court.  (Id. at ¶ 55). Defendant was armed with a firearm at the time of his arrest. (Id.)  The record also reflects that Defendant was previously convicted of Robbery in California State Court in 1993.  (Id.)

At sentencing for the conviction for which Defendant is currently incarcerated, Defendant's sentencing guidelines were 235 to 293 months.  (Id. at ¶ 80).  The Court granted a variance and Defendant was sentenced to 200 months imprisonment. Defendant's sentence was subsequently lowered to 188 months based on a change in the drug quantities provided in the sentence guidelines.

### B. Portion Of Sentence Served

A review of the caselaw demonstrates that the portion of the sentence already served by the defendant is a necessary factor for the Court to consider in evaluating compassionate release. United States v. Connell,    F.Supp.3d.   , 2020 WL 2315858, at *6 (N.D. Cal. May 8, 2020).  The amount of time served of the originally imposed sentence must be considered pursuant to Section 3553(a) to ensure that the amount of time adequately reflects the seriousness of the offense, deters criminal conduct, and protects the public.  United States v. Barber,    F.3d   , 2020 WL 2404679, *5 n.9 (D. Ore. May 12, 2020).

Defendant received a 188-month sentence.  His projected release date is May 19, 2024.

### C. Appropriateness of Immediate Release

The Court finds that the nature and circumstances of Defendant's offense weigh in favor of his 188-month sentence.  Defendant was an organizer and leader of a large conspiracy to distribute highly pure methamphetamine from a source directly connected to a Mexican drug cartel.  Defendant's conspiracy conviction is for a six-month period.  Defendant's conspiracy involved close relatives.  Defendant trained and directed his family members in drug trafficking; arranged for a packages to be mailed to several residences, P.O. boxes, and commercial addresses; utilized a condo and a car for drug trafficking in

Hawaii; and Bertrand used a firearm to deliver drugs and collect proceeds on Defendant's behalf.

Defendant's history and characteristics also do not favor a reduced sentence. Defendant has a serious criminal history, including convictions for Robbery and distribution of drugs in California. He poses a danger to the safety of others and the community. Defendant received a downward variance from the recommended sentencing guidelines followed by a reduction in sentence for changes in the drug quantity guidelines. Defendant has more than three years remaining on his sentence. The factors in Section 3553(a) do not support the immediate release of the Defendant.

## III. Summary Of Medical Conclusion And Section 3553(a) Factors

Defendant has not established a basis for compassionate release based on his medical issues. The record does not demonstrate that he is suffering from a terminal health condition or a condition that substantially interferes his ability to provide self-care while incarcerated. Defendant was diagnosed with COVID-19, and suffered minimal symptoms, and has been deemed to be fully recovered. Defendant has been able to manage his various medical conditions while incarcerated, including while he contracted COVID-19. The record demonstrates that Defendant has received and continues to receive appropriate medical care by the BOP.

Defendant poses a danger to the safety of others and the community.  Defendant has not established that his immediate release is warranted pursuant to the Section 3553(a) factors.

### **CONCLUSION**

Defendant's Emergency Motion To Reduce Sentence Under The First Step Act (ECF No. 124) is **DENIED**.

IT IS SO ORDERED.

Dated: October 19, 2020, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States v. Vernon Jarrett Butler, Crim. No. 10-00880 HG-01;
**ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (ECF No. 124)**